# IN THE COURT OF APPEALS OF IOWA

No. 18-0963
Filed September 26, 2018

**IN THE INTEREST OF H.S.,**
**Minor Child,**

**N.C., Mother,**
    Appellant,

**H.S., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Harrison County, Amy L. Zacharias, District Associate Judge.

A mother and father separately appeal the termination of their parental rights to their child. **AFFIRMED ON BOTH APPEALS.**

Sara E. Benson of Benson Law, P.C., Council Bluffs, for appellant mother.

Justin R. Wyatt of Woods & Wyatt, PLLC, Glenwood, for appellant father.

Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General for appellee State.

William T. Early, Harlan, guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

A mother and father separately appeal the termination of their parental rights to their child. Both challenge the juvenile court's findings that the State proved the grounds for termination and termination is in the child's best interests. The mother also argues the State failed to make reasonable efforts to reunify her with the child.

We review termination proceedings de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We are not bound by the juvenile court's findings of fact, although we give them weight, especially those concerning witness credibility. *See id.*

The child came to the attention of the Iowa Department of Human Services (DHS) after testing positive for cocaine at birth. The mother agreed to a temporary guardianship for the child, and the State removed the child from the mother's care when the guardianship ended. At the time of the termination hearing, the mother was still attempting to complete drug treatment. The child has not been in her care since December 2016.

The father's paternity had not been established when the juvenile court proceedings began. Although a DHS worker told the father the child needed a permanency decision and plan within six months due to the child's young age and that his limited participation would be detrimental to the child, the father refused to participate in visits with the child or other services until paternity was established.

**I. Grounds for Termination.**

The juvenile court found clear and convincing evidence supported terminating both the mother's and the father's parental rights under Iowa Code

section 232.116(1)(h) (2017).[1]  Termination is appropriate under this section when

clear and convincing evidence establishes the following:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Iowa Code § 232.116(1)(h).  There is no disputing the proof concerning the first

three requirements of this section.  The question is whether returning the child to

the parents at the time of the termination hearing would expose the child to the

kind of harm that would lead to a child in need of assistance (CINA) adjudication.

*See id.* § 232.116(1)(h)(4) (requiring proof the child could not be returned to the

parents "as provided in section 232.102 at the present time"); *In re D.W.*, 791

N.W.2d 703, 707 (Iowa 2010) (interpreting the term "at the present time" to mean

"at the time of the termination hearing"); *In re M.M.*, 483 N.W.2d 812, 814 (Iowa

1992) ("[A] child cannot be returned to the parent under Iowa Code section 232.102

if by doing so the child would be exposed to any harm amounting to a new [CINA]

adjudication.").

The mother concedes the child could not be returned to her care at the time

of the termination hearing because she was in a treatment facility.  She instead

---

[1] Although the court also found the State proved the grounds for terminating the father's parental rights under section 232.116(1)(e), we need only find grounds to terminate parental rights under one of the sections cited by the juvenile court to affirm.  *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999).

argues the child can be returned to her "in the near future, upon her discharge." At the termination hearing, the mother testified that "the program is anywhere between four months to 2 years" and she was "looking at 9 months to a year right now." Clear and convincing evidence established the child cannot be returned to the mother's care at the present time.

The father argues the district court's finding that the child could not be returned to his care was based on his lack of visitation with the child. However, as the district court found, "Once paternity was established, [the father] did not take advantage of the opportunity to develop a bond and relationship with [the child]. He was sporadic with visits and only exhibited any kind of consistency when his visits were scheduled jointly with [the mother]." The record shows the child cannot be returned to the father's care at the present time.

Clear and convincing evidence establishes the grounds for terminating both the mother's and the father's parental rights under section 232.116(1)(h).

**II. Reasonable Efforts.**

The mother argues the State failed to make reasonable efforts to reunify her with the child. However, "[c]hallenges to the plan for reunification should have come when the plan was entered." *In re L.M.W.*, 518 N.W.2d 804, 807 (Iowa Ct. App. 1994). A parent must challenge the fact reasonable efforts have not been utilized or make a request for specific services at the removal or review hearing. *See id.* Although the mother claims she preserved error by moving to dismiss the termination petition the termination hearing, "[i]t is too late to challenge the service plan at the termination hearing." *Id.* The issue is not preserved for our review. *See S.R.*, 600 N.W.2d at 65.

**III. Best Interests.**

Both parents contend termination is contrary to the child's best interests. In making the best-interests determination, our primary considerations are "the child's safety," "the best placement for furthering the long-term nurturing and growth of the child," and "the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (quoting Iowa Code § 232.116(2)). The "defining elements in a child's best interest" are the child's safety and "need for a permanent home." *In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially).

The child has had limited time with either parent. The mother had the child in her care for a short period until the establishment of a guardianship in December 2016. When the guardianship ended, the juvenile court removed the child from her care. The father has never cared for the child, and has participated in a limited number of visits. Despite the offer of services to correct the circumstances that led to the CINA adjudication, neither parent can provide a safe, permanent home for the child and will be unable to do so in the immediate future. The child was reported to be happy and healthy in the home of his foster family. The foster parents have provided for the child's physical, emotional, and financial needs, and were prepared to adopt the child.

Children are not equipped with pause buttons; denying a child permanency in favor of a parent is contrary to the child's best interests. *See A.M.*, 843 N.W.2d at 112 (noting children must not be deprived permanency on the hope that someday the parent will be able to provide a stable home). Once the grounds for termination have been proved, time is of the essence. *See In re C.B.*, 611 N.W.2d

489, 494 (Iowa 2000) (noting that although the law requires a "full measure of patience with troubled parents who attempt to remedy a lack of parenting skills," this patience has been built into the statutory scheme of chapter 232); *In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989) (noting that once the time period for reunification set by the legislature has expired, "patience on behalf of the parent can quickly translate into intolerable hardship for the children"); *In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987) ("It is unnecessary to take from the children's future any more than is demanded by statute.  Stated otherwise, plans which extend the twelve-month period during which parents attempt to become adequate in parenting skills should be viewed with a sense of urgency.").  The child's best interests require terminating both the mother's and the father's parental rights.

Because the grounds for termination under section 232.116(1)(h) have been proved and termination is in the child's best interests, we affirm the termination of both the mother's and the father's parental rights.

**AFFIRMED ON BOTH APPEALS.**